**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Miguel Saracho**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Grupo Agave Del Scottsdale, Inc.**, an Arizona corporation, and **Maria De Los Angeles Gale and John Doe Gale**, a married couple, | |
| Defendants. | |

Plaintiff, Miguel Saracho ("Plaintiff" or "Miguel Saracho"), sues the Defendants, Grupo Agave Del Scottsdale, Inc., and Maria De Los Angeles Gale and John Doe Gale, (collectively "Defendants" or "Agave Del Scottsdale") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid overtime and minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona

1  Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Grupo Agave Del Scottsdale, Inc. is a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Grupo Agave Del Scottsdale, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant Grupo Agave Del Scottsdale, Inc. owned and operated as "Agave Del Scottsdale," a Mexican food restaurant located in Scottsdale, Arizona.

9. Under the FLSA, Defendant Grupo Agave Del Scottsdale, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Grupo Agave Del Scottsdale, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Agave Del Scottsdale's employees, Defendant Grupo Agave Del Scottsdale, Inc. is subject to liability under the FLSA.

10. Defendants Maria De Los Angeles Gale and John Doe Gale are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Maria De Los Angeles Gale and John Doe Gale are owners of Agave Del Scottsdale and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendants Maria De Los Angeles Gale and John Doe Gale are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Maria De Los Angeles Gale and John Doe Gale had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Agave Del Scottsdale's employees, Defendants Maria De Los Angeles Gale and John Doe Gale are subject to individual liability under the FLSA.

12. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

13. Defendants, and each of them, are sued in both their individual and corporate capacities.

14. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

15. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

16. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

17. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

19. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

20. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

26. Defendants own and/or operate as Agave Del Scottsdale, an enterprise located in Maricopa County, Arizona.

27. Plaintiff was hired by Defendants in approximately June 2021.

28. At all relevant times, Plaintiff worked for Defendants through approximately late October 2021 when he left his employment.

29. At all relevant times, in his work for Defendants, Plaintiff worked as a cook for Defendants.

30. Defendants, in their sole discretion, agreed to pay Plaintiff $20 per hour, regardless of the number of hours he worked in a given workweek.

31. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately between 50 and 60 hours per week.

32. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

33. Defendants classified Plaintiff as W-2 employee.

34. At all relevant times, Defendants paid Plaintiff on a weekly basis.

35. On information and belief, in his final workweek with Defendants, Plaintiff worked approximately between 50 and 60 hours.

36. Defendants failed to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants.

37. Therefore, for the final workweek that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

38. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

39. As a result of not having paid any wage whatsoever to Plaintiff during his final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

40. As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the hours he worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

41. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours worked in his final workweek, Defendants violated 29 U.S.C. § 206(a).

42. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours worked in his final workweek, Defendants violated the AMWA, A.R.S. § 23-363.

43. Sometime after the end of Plaintiff's employment ended, The United States Department of Labor's Wage and Hour Division ("WHD") conducted an investigation into the minimum wage and overtime compensation practices of Defendants.

44. That investigation yielded a conclusion that Plaintiff was owed at least $2,683.26 in unpaid overtime compensation for the period of September 18, 2021, through October 9, 2021, alone.

45. On or about February 17, 2023, the WDH sent a letter ("Letter") to Plaintiff explaining the above.

46. The Letter explained that it found that Defendants "failed to pay the additional premium pay for hours worked over 40 in a workweek."

47. The Letter stated that the WHD contacted Defendants and explained the FLSA requirements. The WHD also requested that Defendants pay any back wages owed, but Defendants did not agree to make any such payments to Plaintiff.

48. The Letter stated that the WHD would not take further action on Plaintiff's behalf, but that would not affect Plaintiff's private right under the FLSA to bring an independent suit to recover any back wages due.

49. Accordingly, Plaintiff brings this suit against Defendants for such back overtime wages and additional wages, liquidated damages, and attorneys' fees and costs as described herein.

50. Plaintiff was a non-exempt employee.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Plaintiff is a covered employee within the meaning of the FLSA.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

58. In a given workweek, Defendants failed to pay Plaintiff one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

59. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

60. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

61. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

62. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

63. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Miguel Saracho, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendant failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

66. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

67. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Miguel Saracho, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

  E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

  F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

70. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

71. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Miguel Saracho, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

  A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

|   |   |   |
|---|---|---|
| 1 | B. | For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial; |
| 2 | C. | For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial; |
| 3 | D. | For the Court to award prejudgment and post-judgment interest; |
| 4 | E. | For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein; |
| 5 | F. | Such other relief as this Court shall deem just and proper. |

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 1st day of March, 2023.

            BENDAU & BENDAU PLLC

            By: /s/ *Clifford P. Bendau, II*
            Clifford P. Bendau, II
            Christopher J. Bendau
            *Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Miguel Saracho, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

*Miguel A. Saracho*
Miguel Saracho (Mar 1, 2023 20:11 MST)
Miguel Saracho